IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1155-X-BN |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Kimberly Johnson filed a *pro se* complaint alleging claims including under the Fair Credit Reporting Act ("FCRA"). *See* Dkt. No. 3.

United States District Judge Brantley Starr referred Johnson's lawsuit the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Recently, Johnson moved the Clerk of Court to enter default against Defendant Experian Information Solutions, Inc. ("Experian"), on May 27, 2026, *see* Dkt. No. 44, the Clerk entered default the next day, *see* Dkt. No. 46, and, the day after that, Experian moved to vacate the entry of default and to extend its deadline to respond to the complaint, *see* Dkt. No. 47.

Johnson responded. *See* Dkt. No. 48. Experian replied. *See* Dkt. No. 59. Johnson then moved for leave to file a sur-reply. *See* Dkt. No. 60. The Court grants Johnson's motion for leave to the extent that it has considered that sur-reply [Dkt. No. 60-1]. And the Court GRANTS Experian's motion as set out below. *Cf. Nash v.*

*FOXO Techs. Inc.*, 348 F.R.D. 210, 211 n.1 (S.D.N.Y. 2025) ("A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a nondispositive pretrial motion under 28 U.S.C. § 636(b)(1)(A)." (citation omitted)); *Heaggins v. Thomas*, CV419-024, 2022 WL 22212530, at *2 n.1 (S.D. Ga. Mar. 21, 2022) (same; collecting cases).

### Applicable Background

The *pro se* complaint that Johnson filed on May 7, 2025 named six defendants. *See* Dkt. No. 3. She also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. And, because the Court granted the IFP motion, *see* Dkt. No. 5, Johnson's claims were subject to judicial screening under 28 U.S.C. § 1915(e).

Before the Court could complete its screening, three of the six defendants answered Johnson's complaint. *See* Dkt. Nos. 15 & 19. And, through joint stipulations filed under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the claims against these defendants have now been dismissed. *See* Dkt. Nos. 30 & 38.

As to the remaining defendants, the May 7, 2025 complaint is still the operative one, as the amended complaint that Johnson attempted to file without first obtaining leave under Federal Rules of Civil Procedure 15(a) and 16(b)(4) [Dkt. No. 33] "is a legal nullity and must be disregarded." Dkt. No. 37.

And, because Johnson paid the filling fee on March 11, 2026, she undertook, on that date, an obligation as to the remaining defendants to either (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from that defendant. *See* FED. R.

CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

As to Experian, Johnson provided proof of personal service on its registered agent on May 5, 2026. *See* Dkt. No. 44-1.

And, when Experian failed to respond within 21 days, *see* FED. R. CIV. P. 12(a)(1)(A)(i), or, by May 26, 2026, Johnson moved for entry of default the next day.

## Discussion

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 694, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

And, as this language implies, "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 544 n.20 (5th Cir. 2014) (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985)).

"To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *see also Chinese Drywall*, 753 F.3d at 545 (observing

that "courts may also consider factors identified in [Federal Rule of Civil Procedure] 60(b)" but "need not consider all of [these] factors," as "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause" (cleaned up; quoting *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008))).

"The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)).

Even so, "[d]efaults are 'generally disfavored.'" *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)).

And, so, "[u]nless it appears that no injustice results from the default, relief should be granted." *Id.* (quoting *OCA*, 551 F.3d at 370-71).

But "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 184);

"A willful default is an 'intentional failure' to respond to litigation." *OCA*, 551 F.3d at 371 n.32. "Put another way, willfulness involves 'choosing to play games' by failing to act." *Full Harvest Techs., Inc. v. Mayan Farmers Produce, LLC*, No. 7:25-CV-0223, 2025 WL 3050226, at *3 (S.D. Tex. Sept. 18, 2025) (quoting *Sw. Bell Tel. Co. v. Raza Telecom, Inc.*, No. 3:13-cv-1621-P, 2013 WL 11330884, at *2 (N.D. Tex. Nov. 22, 2013) (quoting *Dierschke*, 975 F.2d at 183)), *rec. accepted*, 2025 WL 3130768 (S.D. Tex. Nov. 7, 2025).

Here, the Court cannot find that Experian played games based on its failure to respond within 21 days where Experian filed a motion to set aside the default on May 29 – the day after the default was entered and three days after its deadline to respond, assuming that service was proper – and Experian explains it

> is reviewing to determine what happened between service on its registered agent and Experian, but it did not willfully allow a default. Vacating the default to permit Experian to defend this case will not prejudice the Plaintiff, who took a year from the filing of this Complaint to effect service and still has not perfected an amended complaint. Notably, Plaintiff waited until the expiration of 21 days from the date or purported service to file the return of service and concurrently filed her motion for default. Experian was monitoring the docket on this matter and was alerted to the motion for default as the default was being entered. It immediately prepared and filed the instant motion less than two days after the return of service and motion for default and the day following the clerk's entry of default. A brief delay to permit Experian to prepare and file a responsive pleading will in no way cause Plaintiff harm.

Dkt. No. 47 at 4-5.

Experian also explains that it "has a valid defense … as Plaintiff has not alleged any inaccuracy." *Id.* at 5; *cf. Sepulvado v. CSC Credit Servcs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998) (The FCRA "does not impose strict liability for inaccurate entries. Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." (citing *Thompson v. San Antonio Retail Merchants Assoc.*, 682 F.2d 509, 513 (5th Cir. 1982))).

As to the existence of a meritorious defense, "[l]ikelihood of success is not the measure." *Pelican Renewables 2, LLC v. DirectSun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 577 (E.D. La. 2016) (quoting *Side by Side Redevelopment, Inc. v. City of*

*New Orleans*, Civ. A. No. 09-03861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010)).

Instead, a defendant's "allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (quoting Side by Side, 2010 WL 375237, at *3).

"But the presentation of 'mere legal conclusions' is insufficient." *Id.* (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)).

So "[t]he defendant must make a 'clear and specific showing by a definite recitation of the facts' in support of his or her defense." *Id.* (cleaned up; quoting *Jenkens & Gilchrist*, 542 F.3d at 122).

And, in the context of Johnson's FCRA complaint, Experian's single sentence has carried its burden – has shown "a hint of a suggestion" – as to the existence of a meritorious defense where, to ultimately "establish a violation of [commonly invoked] FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) (per curiam) (citing *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021)).

The Court therefore GRANTS Experian's motion [Dkt. No. 47] to the extent that it SETS ASIDE the Clerk's entry of default [Dkt. No. 46] and EXTENDS to **July 1, 2026** Experian's deadline to respond to the complaint.

SO ORDERED.

DATED: June 17, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 6 -